## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC. )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>HUAWEI TECHNOLOGIES CO., LTD., )<br> )<br>Defendant. ) | C.A. No. 12-474-SLR |

## STIPULATION AND ORDER OF DISMISSAL

Plaintiff, Golden Bridge Technology, Inc., ("GBT") and Defendant Huawei Technologies Co., Ltd. ("Licensee") stipulate as follows under Fed. R. Civ. P. 41(a)(2):

1.  GBT and Licensee have agreed to a compromise settlement of the pending issues against them. The terms and conditions of the settlement are set forth in a confidential Patent License and Settlement Agreement dated July 23, 2012 (the "Agreement").

2.  In accordance with the Agreement, GBT and Licensee stipulate, subject to the approval and order of the Court, that all of GBT's claims in this case be dismissed with prejudice as against Licensee only.

3.  Neither of GBT or Licensee shall receive any award against the other for attorneys' fees, costs, or litigation expenses of any kind.

4.  GBT and Licensee stipulate and agree that, consistent with applicable authority, namely, *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), this Court shall retain continuing jurisdiction to resolve any controversy or claim arising out of or relating to the terms and conditions of the Agreement, any party's performance or failure to

perform thereunder, or any other claim or dispute arising out of or resulting from the Agreement or relating to the propriety of the conduct of GBT or Licensee with respect to the Agreement.

5.  GBT and Licensee submit to the personal jurisdiction of this Court for the purposes of resolving any controversy or claim arising out of or relating to the terms and conditions of the Agreement, any performance or failure to perform thereunder, or any other claim or dispute arising out of or resulting from the Agreement or relating to the propriety of the conduct of GBT or Licensee with respect to the Agreement.  GBT and Licensee stipulate and agree that, provided this Court retains jurisdiction as provided above, this Court shall have exclusive jurisdiction and venue with respect to any such controversy, claim, or dispute.  Any such controversy, claim, or dispute shall be governed by Delaware law (excluding rules regarding choice of law).

| | |
|---|---|
| Dated: November 14, 2012 | Dated: November 14, 2012 |
| MCCARTER & ENGLISH, LLP | RICHARDS, LAYTON & FINGER, P.A. |
| By: */s/ Daniel M. Silver*<br>Michael P. Kelly (DE #2295)<br>Daniel M. Silver (DE #4758)<br>Renaissance Centre<br>405 N. King Street 8th Floor<br>Wilmington, DE 19801<br>Tel: (302) 984-6300<br>Fax: (302) 984-6399<br>mkelly@mccarter.com<br>dsilver@mccarter.com | By: */s/ Jeffrey L. Moyer*<br>Jeffrey L. Moyer (#3309)<br>Elizabeth R. He (#5345)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>moyer@rlf.com<br>he@rlf.com |
| *Attorneys for Plaintiff*<br>*Golden Bridge Technology, Inc.* | *Counsel for Defendant*<br>*Huawei Technologies Co., Ltd.* |

SO ORDERED this _____ day of _____, 2012.

_____
Sue L. Robinson
United States District Judge

2